The order below is hereby signed.

Signed: July 25, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

USDC of DE Case No.: 08-153-M

In re                           )
                                )
BUTLER INNOVATIVE SOLUTIONS,    )   Case No. 08-00065
INC.,                           )   (Chapter 7)
                                )   **Not for Publication in**
            Debtor.             )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DIRECTING THE
OFFICE OF THE UNITED STATES MARSHAL SERVICE TO
<u>APPREHEND KEITH H. BARKLEY AND TAKE HIM INTO CUSTODY</u>

Pursuant to the motion of the petitioning creditors in this involuntary bankruptcy case, the court issued its Order For Designated Individuals To Appear and Show Cause dated June 17, 2008. On June 18, 2008, the clerk entered that Order and it was mailed to John A. Butler and Keith H. Barkley on June 20, 2008.

The Order directed Mr. Butler and Mr. Barkley to appear on July 8, 2008, and show cause why they ought not be held in contempt for failing to comply with the court's Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order (Docket Entry No. 27, entered May 1, 2008). This court's Order Designating Officers as Debtor, Compelling the Debtor and

Designated Officers to File Documents, and Striking Earlier Entered Order, provided that John A. Butler and Keith H. Barkley "are hereby designated to be the Debtor, Butler Innovative Systems, Inc., in this case for all purposes." Accordingly, both Mr. Butler and Mr. Barkley are subject to this court's power to compel the debtor's attendance for examination. That order further had directed Mr. Butler and Mr. Barkley by May 16, 2008, to "file the list of creditors, schedules of assets and liabilities, schedule of executory contracts and unexpired leases, and statement of financial affairs required by 11 U.S.C. § 521(a)(1) and Interim Bankruptcy Rule 1007(a) and (b)." The order was clear and unambiguous, but the required papers have still not been filed.

The court conducted a hearing on the Order for Designated Individuals to Appear and Show Cause on the specified date of July 8, 2008, but John A. Butler and Keith H. Barkley failed to appear at the hearing or to show cause why they should not be held in civil contempt. The court found that the record constituted clear and convincing evidence that John A. Butler and Keith H. Barkley were in civil contempt, finding specifically (1) that John A. Butler, Keith H. Barkley and the Debtor have failed to comply with this Court's Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order (Docket Entry No. 27, entered

May 1, 2008), and (2) that civil contempt is appropriate including imposition of a coercive monetary fine and a compensatory sanction awarding attorneys fees to the petitioning creditors for such fees incurred with respect to the prosecution of the motion. In accordance with the foregoing, On July 10, 2008, this court issued an Order Holding Debtor's Principals in Civil Contempt, and that order was entered by the clerk on July 11, 2008, and mailed to John A. Butler and Keith H. Barkley on July 13, 2008. That order provided as follows:

> ORDERED that commencing on Tuesday, July 15, 2008, John A. Butler and Keith H. Barkley, jointly and severally, shall be liable for a coercive fine of $100 per day for each day after July 14, 2008, that the obligations imposed upon them by the Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order, entered May 1, 2008 (Docket No. 27), remain unfulfilled; and it is further
> ORDERED that the petitioning creditors, Suddath Relocation Systems of Maryland, Inc. d/b/a Suddath Relocation Systems, The Kane Company, and Project Solutions Group, Inc., shall recover of John A. Butler and Keith H. Barkley, jointly and severally, their legal fees in pursuing the contempt motion, with payment of this compensatory contempt sanction to be delivered to the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C., on behalf of the petitioning creditors in an amount to be determined by separate order pursuant to a statement of attorneys' fees filed by that firm on 14 days notice to Mr. Butler and Mr. Barkley of an opportunity to object to the reasonableness of the fees and expenses requested; and it is further
> ORDERED that this matter is set over for further hearing on July 22, 2008, at 10:30 a.m., to determine whether Mr. Butler and Mr. Barkley have purged themselves of contempt, at which time the Court will consider additional relief pursuant to the movants' request for civil contempt sanctions, including

> entering a judgment for coercive contempt sanctions
> that have accrued, and addressing what further coercive
> contempt sanctions are appropriate in the event that
> compliance with the Court's Order of May 1, 2008, has
> not been achieved, including considering incarcerating
> Mr. Butler and Mr. Barkley as a coercive contempt
> sanction until they purge themselves of contempt; and
> it is
>     ORDERED that Mr. Butler or Mr. Barkley are each
> warned that if he fails to appear on July 22, 2008, at
> 10:30 a.m., the court may issue a bench warrant to have
> the United States Marshal haul that individual before
> the court in order to proceed with addressing the
> contempt motion, and that an arrest pursuant to such a
> bench warrant may result in the individual's being
> incarcerated until the court can conduct the civil
> contempt hearing.

On July 22, 2008, pursuant to the court's Order Holding Debtor's Principals in Civil Contempt, the court conducted a hearing to determine whether Mr. Butler and Mr. Barkley have purged themselves of contempt. Neither Mr. Butler nor Mr. Barkley appeared at the July 22, 2008 hearing, as directed, nor did they make any showing that they have purged themselves of contempt. The record constitutes clear and convincing evidence that Mr. Butler and Mr. Barkley are, once again, in civil contempt. Based upon the foregoing, the court finds (1) that Mr. Butler and Mr. Barkley, in addition to having failed to comply with the court's earlier Order Designating Officers as Debtor, Compelling the Debtor and Designated Officers to File Documents, and Striking Earlier Entered Order, have now also failed to comply with this court's Order Holding Debtor's Principals in Civil Contempt, and (2) that, in addition to the coercive monetary fine

4

previously imposed and still in place, it may be appropriate to incarcerate Mr. Butler and Mr. Barkley as an additional coercive contempt sanction until they purge themselves of contempt by complying with the order entered on May 1, 2008. In any event, they should be brought before the court so that the court can address whether that sanction (or some other coercive sanction) is necessary.

In light of the foregoing, and in accordance with Fed. R. Bankr. P. 2005, and this court's inherent powers, it is

ORDERED that the Office of the United States Marshal Service apprehend Keith H. Barkley and bring him into custody. If Keith H. Barkley is apprehended within the District of Columbia, or at a place less than 100 miles from the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, NW, Washington, D.C., 20001,[1] he shall be brought before this court (or, if a judge of this court is unavailable, before a United States Magistrate Judge or a United States District Court Judge of this district) without unnecessary delay:

- If conditions ensuring the appearance of Keith H. Barkley before this court can be arranged, Keith H. Barkley shall be released.

---

[1] The 100 miles should be measured by a straight line or, as it is commonly referred to, "as the crow flies." See Hill v. Equitable Bank, Nat. Ass'n, 115 F.R.D. 184, 186 (D. Del. 1987).

- In the event that conditions ensuring Keith H. Barkley's appearance can not be arranged, Keith H. Barkley shall remain incarcerated until such time as his appearance before this court can be arranged.

IT IS FURTHER ORDERED that if the United States Marshal finds Keith H. Barkley in a place more than 100 miles from the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, NW, Washington, D.C., 20001, Keith H. Barkley shall be taken into custody pursuant to this order and removed in accordance with the following: he shall be brought without unnecessary delay before the nearest available United States Magistrate Judge, Bankruptcy Judge, or District Judge. If, after hearing, he or she finds that the person in custody is Keith H. Barkley, or if the person in custody waives a hearing in that regard, the Magistrate Judge, Bankruptcy Judge, or District Judge shall issue an order of removal, but Keith H. Barkley shall be released if conditions are arranged ensuring his prompt appearance before this court.

[Signed and dated above.]

Copies to: Chapter 7 trustee; Office of United States Trustee; Office of the United States Marshal;

Butler Innovative Solutions, Inc., Debtor
4705 Alcon Drive
Temple Hills, MD 20748-3717

John A. Butler
4705 Alcon Drive
Temple Hills, MD 20748-3717